IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
March 1, 2016 Session

**WESLEY JONES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 1006236 James C. Beasley, Jr., Judge**
_____

**No. W2015-01481-CCA-R3-PC  -  Filed August 11, 2016**
_____


THOMAS T. WOODALL, P.J., concurring.

I concur with most of the majority opinion, but write separately to express my opinion that Detective Lundy and the unnamed uniformed patrol officer unconstitutionally seized Petitioner by handcuffing him and taking him to the police department and placing a leg shackle restraint on him inside the interview room. Although testimony by law enforcement officers was at best equivocal (and probably better described as "evasive" in a reading of the transcript) about restraints used on Petitioner, two things are clear:  the officers dutifully followed police department "policy" and the policy dictated that "witnesses" be transported while handcuffed via marked patrol cars to interviews at the police station.

Eighteen years ago, in an opinion by Judge Joe Riley, it was clearly stated, "this court [does not] condone a police policy of handcuffing and transporting persons whom the police merely desire to question." *State v. Johnson*, 980 S.W.2d 414, 424 (Tenn. Crim. App. 1998).

Furthermore, the Court in *Johnson* held,

Whenever an officer accosts an individual and restrains the freedom to walk away, the officer has "seized" that person for Fourth Amendment purposes. *State v. Downey*, 9456 S.W.2d 102, 106 (Tenn. 1997).  Regardless of the policy of the [police department] or the subjective intentions of the officers, the handcuffing of the defendant and transporting him to the police department constituted a seizure.

*Johnson*, 980 S.W.2d at 422.

In my opinion, the police lacked probable cause to seize Petitioner on March 14, 2010. Trial counsel should have pursued the motion to suppress based upon an unconstitutional seizure. However, under *Strickland's* requirement that prejudice must be shown, I conclude, with some hesitation, that Petitioner ultimately failed to prove prejudice. The search warrant authorized the search and seizure of Petitioner for a saliva sample for DNA testing. The issuance of the search warrant was based upon an affidavit of Detective Lundy which contained information known to Detective Lundy prior to Petitioner's interview by the law enforcement officers. In fact, the search warrant was issued prior to when the interview of Petitioner began.

On appeal in this post-conviction proceeding, Petitioner does not assert that trial counsel rendered ineffective assistance of counsel by failing to attack the validity of the search warrant. In fact, Petitioner's only reference to the search warrant in his appellate brief's argument section on this issue is in a footnote to the assertion that the officers lacked probable cause to *arrest* Petitioner at the time he was taken into custody on March 14, 2010. The brief states, "Petitioner further submits that the affidavit in support of the search warrant failed to establish probable cause. [citation to record omitted] The search warrant issue, however, is moot since Petitioner consented to giving a DNA sample."

I respectfully disagree it could be moot – it very much is relevant to the issue of whether Petitioner was prejudiced by trial counsel's failure to move to suppress evidence obtained, even by consent, during an unconstitutional seizure. As the record stands, a valid search warrant authorized the seizure of the saliva sample. By necessity, the officers would have been able to detain Petitioner long enough and in an appropriate manner to obtain the saliva sample. Petitioner argues in his brief that a motion to suppress evidence based upon the illegal detention would have resulted in suppression at trial of the following evidence:

(1)     DNA results linking Petitioner to the victim;

(2)     Petitioner's oral and typed statements; and

(3)     Photographs of scratches on Petitioner's body and all testimony pertaining to the scratches.

Assuming that the consent to allow a DNA sample to be taken had been refused, the search warrant would have authorized the same sample to be taken. As to Petitioner's statements and evidence of the scratches, Petitioner describes this evidence in a footnote in his brief as,

2

Petitioner's oral and written statements were damaging to his case because he admitted to being around the victim while at the corner store on the evening of the victim's death. Petitioner's oral and written statements were also damaging to his case because he gave an explanation for his scratches that was not supported by the DNA evidence.

Based upon the evidence contained in this appellate record and upon the evidence presented at trial other than Petitioner's statements and the evidence concerning the scratch marks on Petitioner, I have no difficulty concluding that if a motion to suppress had been filed but denied in the trial court, any error would be considered harmless beyond a reasonable doubt in an appeal.

Accordingly, Petitioner is not entitled to post-conviction relief even though trial counsel failed to move to suppress evidence based upon the unconstitutional seizure of Petitioner by law enforcement officers on March 14, 2010. I agree with the majority opinion in its analysis of all issues other than the conclusion that Petitioner was not unlawfully detained.

_____
THOMAS T. WOODALL, PRESIDING JUDGE